UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN RAE PHILLIPS,

        Plaintiff,

vs.

GREEN TREE SERVICING LLC,

        Defendant.
_____/

Case No. 15-13582

HON. GEORGE CARAM STEEH

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 3]

Plaintiff Susan Rae Phillips filed this action against defendant Green Tree Servicing LLC to challenge the foreclosure of the mortgage on her home. Plaintiff filed her complaint, just before the expiration of the redemption period, on September 30, 2015 in the Oakland County Circuit Court. Among other relief, plaintiff requested that the Sheriff's Deed be set aside, and that she receive a fair evaluation for a loan modification. Defendant removed the case to this court on October 13, 2015 based on federal question and supplemental jurisdiction, 28 U.S.C. §§ 1331, 1367. The matter is presently before the court on defendant's motion to dismiss plaintiff's complaint. The court does not believe that it would benefit from oral argument, and so informed the parties that it would make a determination on the briefs, pursuant to L.R. 7.1(f)(2).

## FACTUAL BACKGROUND

Plaintiff and her then-husband Richard Phillips executed a mortgage securing real property located at 2581 Pamela Ct. in Bloomfield Township, Michigan on August 4,

2005.  Plaintiff subsequently quit claimed her interest in the property to Richard Phillips pursuant to a judgment of divorce in Oakland County Circuit Court.  A quit claim deed was recorded on November 30, 2006.  On May 29, 2007, Richard Phillips gave a second mortgage to Quicken Loans for $43,500.00.  The second mortgage was recorded July 2, 2007.

On June 14, 2013, the first mortgage was assigned to defendant Green Tree, with an assignment recorded on June 17, 2013.  At some point following the assignment, Mr. Philips defaulted under the terms of the first mortgage by failing to make payment.  Mr. Phillips filed for Chapter 13 bankruptcy protection on November 7, 2014 in the Eastern District of Michigan.  Schedules filed in the Chapter 13 case identified Green Tree as the holder of the first mortgage, with a last active date of April 8, 2014.  The Chapter 13 case was dismissed by the court prior to confirmation.  Richard Phillips died on January 17, 2015.  Mr. Phillips' obituary indicates that at the time of his death he was living with and was married to the plaintiff.  However, there is no evidence in the record of this matter that the plaintiff and Mr. Phillips were ever legally remarried following their divorce in 2006.

Defendant commenced foreclosure proceedings on February 27, 2015.  Defendant published notice of sale in the Oakland County Legal News four consecutive weeks beginning February 27, 2015 and posted notice at the premises on March 4, 2015.  Defendant identified the amount due on the mortgage as $232,636.51.

Plaintiff claims to be the fee simple owner of the property.  (Compl. ¶ 10).  Plaintiff further alleges that she was making the payments under the Note and Mortgage until Mr. Phillips' illness and death.  She contends that she watched diligently for notices

with respect to the mortgage, but never received any from defendant. Furthermore, plaintiff contends she never saw the notices of sale published in the legal newspaper. Therefore, plaintiff asserts that she had no actual notice of the sheriff's sale prior to its completion, and therefore could not preserve her interests in the property.

In her complaint, plaintiff alleges that she was working with defendant on a HAMP or other loan modification, and provided defendant with all information and documents requested of her. However, upon receipt of documentation from plaintiff, defendant claimed to have not received all of the requested documents or information, or informed plaintiff that it needed more information and/or documents. Plaintiff contends that she qualified for a loan modification, and defendant never notified her that her application was denied. (Compl. ¶¶ 48-50).

On March 31, 2015, defendant purchased the property at sheriff's sale and recorded a sheriff's deed. The statutory redemption period expired October 1, 2015. On September 30, 2015, plaintiff initiated the present action in Oakland County Circuit Court and filed an ex-parte motion for temporary restraining order. The court entered an order denying the motion the same day. Defendant removed the action to this court on October 13, 2015.

Plaintiff requests that the court rescind the sheriff's sale, extinguish defendant's interest in the property, declare plaintiff to be the fee simple owner of the property, order defendant to complete a loan modification, order the removal of any negative credit reporting and award damages for wrongful foreclosure, breach of contract, fraud and slander of title.

ANALYSIS

I. Dismissal Standard

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (other citations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

II. Sheriff's Sale Improper Due to Fraud

Plaintiff argues that defendant induced her to submit a loan modification application with the intention of defrauding her by continuing to move forward with the foreclosure. Plaintiff does allege that she was engaged in a loan modification attempt, and that her modification application was under consideration by defendant at the same

time defendant was pursuing foreclosure proceedings. However, plaintiff's argument suffers from the fundamental problem that she lacks an interest in the property. In this case, plaintiff claims a fee simple ownership of the property, yet she does not dispute that she conveyed her rights in the property by way of a quitclaim deed, pursuant to a judgment of divorce in 2006. By virtue of the quitclaim deed, plaintiff has not held any legal or equitable interest in the property since the conveyance was made on November 20, 2006. There is no allegation that plaintiff made any effort to redeem the property prior to filing the present lawsuit on the eve of the date that the statutory redemption period expired, *nor could she have, given that she did not have a legal interest in the property given as security for the mortgage*.

In order to challenge the foreclosure, plaintiff must have an interest in the property. Because she gave up her fee ownership in the property as part of her divorce, this plaintiff no longer has an interest in the subject property. *See Eastbrook Homes, Inc. v. Treasury Dept.*, 296 Mich. App. 336, 349 (2012) (citing *Roddy v. Roddy*, 342 Mich. 66 (1955)). Without an interest in the property, plaintiff has no standing to pursue a claim to set aside the foreclosure sale.

III. RESPA

Plaintiff alleges that defendant violated various provisions of the Real Estate Settlement Procedures Act and corresponding regulations. However, the principal relief sought by plaintiff - to set aside the sheriff's sale - is unavailable to her under RESPA. See 12 CFR 1024.41 (providing that the provisions of this section may be enforced under 12 U.S.C. § 2605(f), which authorizes monetary damages only; specifically, actual damages resulting from RESPA violation and, in the case of "a pattern or practice

of noncompliance," statutory damages not to exceed $2000).  See *Servantes v. Caliber Home Loans, Inc.*, 2014 U.S. Dist. LEXIS 170667 (E.D. Mich. Dec. 10, 2014).  In order to seek monetary damages for a RESPA violation, plaintiff is required to make actual damage allegations, resulting from the failure to respond to plaintiff's Qualified Written Request ("QWR"), which are absent in this plaintiff's complaint.  *Drew v. Kemp-Brooks*, 802 F. Supp.2d 889, 898 (E.D. Mich. 2011); *Battah v. ResMAE Mortg.* Corp., 746 F.Supp.2d 869, 876 (E.D. Mich. 2010).

      Plaintiff fails to allege actual damages, instead requesting that the court set aside the foreclosure sale and order defendant to complete a loan modification.  RESPA does not provide a basis to set aside a completed foreclosure sale.  Therefore, plaintiff's claims under RESPA are dismissed as a matter of law.

IV.   <u>Truth in Lending Act</u>

      Plaintiff alleges that defendant violated the Truth in Lending Act, 15 U.S.C. § 1641(g)(1) by failing to give her notice that the mortgage loan had been sold or transferred.  Defendant argues that plaintiff has not sufficiently pled a Truth in Lending Act violation, that the Act does not apply to mortgage servicers, and that the claim is barred by the one year statute of limitations under 15 U.S.C. § 1640(e).  Plaintiff has not addressed any of these arguments in her responsive pleading.  The court finds that the statute of limitations on this claim expired one year from June 14, 2013, the date on which the mortgage was assigned to defendant. Therefore, plaintiff cannot plead a violation of the Truth in Lending Act.

V. <u>Breach of Contract</u>

Plaintiff alleges in her complaint that defendant breached the note, mortgage and implied covenant of good faith and fair dealing. Specifically, plaintiff alleges that defendant breached the terms of the mortgage by failing to give her notice of default, including informing her what action was required to cure the default, prior to acceleration. In her complaint, plaintiff cites to the first mortgage, taken on August 4, 2005, on which she is still named as a borrower. (Compl. ¶ 89). Plaintiff alleges that the failure to send her notice of default is also a breach of the implied covenant of good faith and fair dealing. Finally, plaintiff alleges that defendant disingenuously negotiated loss mitigation assistance with her, and misled her about approval of loss mitigation, in breach of contract and the implied covenant of good faith and fair dealing.

In Michigan, a prima facie breach of contract claim requires a plaintiff to allege: (1) the existence of a valid contract, (2) establish the contract's terms, (3) evidence of a breach to those terms, and (4) an injury causally related to that breach. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir.1999).

The mortgage contract entered by the parties gives defendant the contractual right to proceed with foreclosure by reason of plaintiff's admitted non-payment. In fact, plaintiff does not dispute her default under the terms of the mortgage. (Compl. ¶ 18). However, the mortgage requires that the lender give notice of default to the borrower prior to acceleration of the loan amount. (Mortgage ¶ 22). Defendant argues that plaintiff's admitted prior breach of the contract means that she cannot maintain a breach of contract action against defendant for a subsequent breach or failure to perform. While it is true that under Michigan law a party "who commits the first substantial breach

of a contract cannot maintain an action against the other contracting party for failure to perform," *Ehlinger v. Bodi Lake Lumber Co.*, 36 N.W.2d 311, 316 (Mich. 1949), plaintiff falling behind on the mortgage payments was not a substantial breach for this purpose. *Jawad v. Hudson City Savings Bank*, No. 15-1047 (6th Cir. January 29, 2016). The basis for the Sixth Circuit's holding is that in the contract's notice provision, the parties expressly contemplated breach by the borrower and agreed that if borrower breached the contract, the lender would provide notice prior to acceleration. A substantial breach is one where the breach effects such a change in the operation of the contract that further performance by the other party is rendered ineffective or impossible. *Id.* (citing *McCarty v. Mercury Metalcraft Co.*, 127 N.W.2d 340, 343 (1964)). In this case, notice of acceleration was required only if the borrower failed to pay. "A breach contemplated by the language of the contract is unlikely to render performance impossible, especially when the contract provides for a contingency in the event of that breach." *Id.*

Defendant next argues that plaintiff fails to allege damages resulting from a breach of contract. Plaintiff does little more in her breach of contract count than to cite the section of the mortgage contract and conclude that defendant's failure to provide plaintiff with the required notice constitutes a breach of contract. The breach of contract count concludes with a request for relief in the "Wherefore" clause, including invalidating the foreclosure, setting aside the sheriff's sale, rescinding the Sheriff's Deed, extinguishing any ownership interest in the subject property obtained by defendant, declaring plaintiff to be the fee simple owner of the property, ordering defendant to conduct a good faith evaluation of a loan modification, ordering defendant to remove any negative information transmitted to a credit agency, and ordering any further relief

the court deems just. Any damages relating to a loss of the property are of course insufficient in this case where plaintiff does not have any legal interest in the property. Furthermore, vague assertions contained in the "Wherefore" clause are not sufficient to pass Rule 12(b)(6) muster. The court agrees with defendant that plaintiff has failed to plead sufficient evidence of any damages to which she would be entitled due to a breach of contract.

Plaintiff cannot state a claim for breach of an implied covenant of good faith where the parties have expressed their respective rights in a written agreement, that being the mortgage in this case. There is no dispute that plaintiff's mortgage does not require defendant to engage in loss mitigation assistance. Plaintiff does not provide any details regarding the alleged loan modification she was promised by defendant. (Compl. ¶ 41). Nor does plaintiff refer to or attach any written agreement or promise of a loan modification to her complaint. To the extent that plaintiff seeks to enforce an oral promise for a loan modification, the statute of frauds would bar her claim. Finally, Michigan does not recognize an independent claim for breach of the implied covenant of good faith and fair dealing. *Triplett v. Perry*, 797 N.W.2d 673, 683 (Mich. Ct. App. 2010).

Defendant's motion to dismiss plaintiff's breach of contract claim is granted.

V. <u>Fraudulent Misrepresentation</u>

Plaintiff's fraudulent misrepresentation claim is based on defendant's alleged representations that "it would not begin foreclosure proceedings while the parties were actively pursuing loan modification or other financial assistance options." (Compl. ¶ 95). A party bringing a fraud claim must "allege the time, place, and content of the alleged

misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp*, 607 F.3d 1076, 1100 (6th Cir. 2010) (quotation omitted). Plaintiff has not identified the content of the allegedly fraudulent statements, when the representations occurred, who made them, or where they were made. Therefore, plaintiff's fraudulent misrepresentation claim falls short of the specificity required under Federal Rule of Civil Procedure 9(b) and is dismissed.

VI. Slander of Title

In Count IV of her complaint, plaintiff alleges that defendant slandered title to her home in violation of statutory and common law. Incredibly, plaintiff asserts that she took title to the subject property by Quit Claim Deed. (Compl. ¶ 103). The exhibit attached to the complaint, and cited in support of this proposition, is a quit claim deed whereby plaintiff quit claims the property to "Richard J. Phillips, a single divorced man," pursuant to a judgment of divorce. (Doc. 1, Pg ID 52). Plaintiff's own evidence refutes her claim to title ownership of the subject property.

"Slander of title claims in Michigan 'have both a common-law and statutory basis.' A plaintiff must prove the same three elements for both a common-law slander of title claim and a claim under Michigan Compiled [L]aws § 565.109: 'falisity, malice, and special damages.'" *Goodman v. CitiMortgage,* 2015 WL 6387451 (October 22, 2015) (citing *Keyes v. Deutche Bank Nat. Trust Co*, 921 F. Supp. 2d 749, 762 (E.D. Mich. 2013) (quotations and citations omitted)). Plaintiff has failed to state a claim that would establish the predicate to a slander of title claim, that the foreclosure was invalid. Furthermore, there is no allegation of malice, which requires plaintiff to "show that the

defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury." *Id.* (citation omitted).

Defendant's motion to dismiss the slander of title claim is granted.

VII. Declaratory and Injunctive Relief

Plaintiff asserts claims for declaratory and injunctive relief, which are remedies rather than causes of action. These "claims" are therefore dismissed.

VIII. Equitable Mortgage

In Count VII, plaintiff requests the court to "exercise its authority to impose an equitable mortgage . . . ." (Compl. ¶ 127). "A court of equity may impose . . . an equitable mortgage on a parcel of real property when no valid mortgage exists . . . ." *Goodman*, 2015 WL 6387451 (citing *Eastbrook Homes, Inc. v. Treasury Dep't*, 820 N.W.2d 242, 251 (Mich. Ct. App. 2012)). Here, there is no basis for the court to impose an equitable mortgage because the parties' relationship is governed by a valid mortgage. Accordingly, Count VII is dismissed.

CONCLUSION

In accordance with this opinion and order, defendant's motion to dismiss is GRANTED.

Dated: February 16, 2016

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 16, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

-11-